**Hendera SJIALIN, Petitioner,**

v.

**Alberto R. GONZALES, as Attorney General of the United States, et al., Respondents.**

**No. 06–3419–ag.**

United States Court of Appeals, Second Circuit.

Aug. 7, 2007.

Lawrence Spivak, New York, NY, for Petitioner.

George E.B. Holding, United States Attorney, Eastern District of North Carolina, Anne M. Hayes, Steve R. Matheny, Assistant United States Attorneys, Raleigh, NC, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Hendera Sjialin, a native and citizen of Indonesia, seeks review of the June 20, 2006 order of the BIA affirming the February 10, 2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, pretermitting his application for asylum, and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hendera Sjialin,* No. A79 811 023 (B.I.A. June 20, 2006), *aff'g* No. A79 811 023 (Immig. Ct. N.Y. City Feb. 10, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here the BIA adopted and affirmed the IJ's denial of relief, assuming Sjialin's credibility. Accordingly, we also assume Sjialin's credibility. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was suffi-

ciently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen,* 359 F.3d at 129.

Because Sjialin's brief to this Court doe not challenge the agency's pretermission of his asylum claim or its denial of CAT relief, we deem any such arguments abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir. 2005).

We further conclude that the agency's denial of Sjialin's application for withholding of removal was supported by substantial evidence. The agency properly found that Sjialin failed to establish past persecution based on either his Chinese ethnicity or his Catholic religious beliefs; therefore, he was not entitled to the presumption that he faces a future threat to his life or freedom on these grounds. *See* 8 C.F.R. § 1208.13(b)(1). Sjialin did not present evidence that he faces an individualized threat should he return to Indonesia. Accordingly, the issue before us is whether the background evidence establishes a pattern or practice of persecution against ethnic Chinese Indonesians or Catholic Indonesians. *See* 8 C.F.R. § 1208.16(b)(1), (iii).

The agency's finding that Sjialin failed to show such a pattern is supported by substantial evidence. A 2003 International Religious Freedom Report and 2003 Country Report on Human Rights Practices specifically report a "sharp drop" in severe violence against Christians in a number of Indonesian communities. The reports do not describe incidents of violence in other regions, such that a reasonable fact-finder would be compelled to conclude that Sjialin would likely face a threat to his life or freedom on account of his Christian faith. 8 C.F.R. § 1208.16(b)(1); *Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. Further, the reports describe only incidents of "discrimination and harassment" against ethnic Chinese in Indonesia, not violence amounting to persecution. This comports with Sjialin's own testimony about having his money stolen at school as well as with the fact that his family remains in Indonesia. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (concluding that, where petitioner's mother and daughters continued to live in her native country, her claim of well-founded fear was diminished).

For the foregoing reasons, the petition for review is DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).